OPPENHEIMER et al. v. UNITED STATES.

(Circuit Court, S. D. New York. April 26, 1894.)

Customs Duties—Classification—Silk Veils in the Piece.

Silk veils or veilings in the piece, with borders upon them, and a distinctly marked line between the borders, designating where they were to be cut off, held to be dutiable at 60 per centum ad valorem, as "wearing apparel," under paragraph 413 of the tariff act of October 1, 1890, and not at 50 per centum ad valorem, as "manufactures of silk not specially provided for," under paragraph 414 of said act.

Application by Oppenheimer & Levy, importers, for review of a decision of the board of United States general appraisers concern-

ing certain importations of silk veils in the piece made by them. The said board affirmed the decision of the collector. The importers appealed.

The contention of the United States was that the merchandise was in fact veils, although manufactured in the piece; that they were clearly marked and designated by a border, and adapted to no other use than for veils; that the mere cutting by scissors between the borders on a clearly marked line in the goods did not constitute any further process of manufacture, and nothing more was necessary to be done in order to constitute veils ready to be worn, and that veils were wearing apparel for women. Citing Arnold v. U. S., 147 U. S. 494, 13 Sup. Ct. 406; Maillard v. Lawrence, 1 Blatchf. 504, Fed. Cas. No. 8,971. It was urged on behalf of the importers that the goods were "piece goods," and were commercially known as "silk veiling" and not as "silk veils," and that it required a further process before they became veils ready for use.

Benjamin Barker, Jr., for importers.
Henry C. Platt, U. S. Atty.

COXE, District Judge (orally). Of course, if the article in suit is an article of wearing apparel made up wholly or in part, paragraph 413 of the tariff act of October 1, 1890, is more specific than paragraph 414 of the same act which provides for "manufactures of silk." It being admitted that a veil is an article of wearing apparel, and that the importations in question are intended to be cut up into veils, I am inclined to think that they are manufactured articles of wearing apparel, and that the collector has classified them correctly. It will be conceded that if they were made up separately and imported in that form, they would be articles of wearing apparel. The question is whether making them up in the piece and thus requiring the seller or user to cut them through with scissors at the indicated point takes them out of the category of wearing apparel made up wholly or in part. I am inclined to the opinion that it makes no difference that these veils are in the piece when imported. They are wearing apparel made up in part by the manufacturer. The paragraph in question does not refer to completed articles only, because the language is "manufactured wholly or in part * * * by the manufacturer." The goods imported are in fact veils. They are used for no other purpose. The moment they are separated at the border they are ready for use as wearing apparel. The decision of the board is affirmed.